SO ORDERED.

SIGNED this 31st day of July, 2023.



_____
Mitchell L. Herren
United States Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: <br> MARK A. BOSWELL <br>                          Debtor. | Case No. 22-10624 <br> Chapter 7 |
| JOHN WILLIAMS, PATRICIA WILLIAMS, DAVID WILLIAMS, and THE WILLIAMS FAMILY TRUST DATED 9-12-2007 <br>                          Plaintiffs, <br> vs. <br> MARK A. BOSWELL <br>                          Defendant. | Adv. No. 22-5021 |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS (Doc. 49)

In this adversary proceeding, Plaintiffs seek to prevent the discharge in Debtor/Defendant's bankruptcy of a judgment they obtained against Defendant, exceeding $400,000, in Tulsa County, Oklahoma and later domesticated in Kansas. A dispute between the parties' attorneys arose during Defense counsel's deposition of one of the Plaintiffs, and Plaintiffs' counsel suspended the deposition to seek intervention from the Court and to resume the deposition at the courthouse. The Court was not immediately available for a telephone conference, so Plaintiffs' counsel recessed the deposition.

Subsequently, Defense counsel filed a motion seeking sanctions against Plaintiffs' counsel (doc. 49), alleging that Plaintiffs' counsel improperly coached the witness through objections and that there was no valid basis for recessing the deposition. Plaintiffs' counsel argues that Defense counsel improperly asked repetitive questions and argued with the deponent.[1] After a later telephone conference with the Court, briefing from both parties' counsel, and another hearing at which counsel presented argument, the Court grants in part and denies in part the motion for sanctions.

---

[1] Plaintiffs did not file a Rule 30(d)(3) motion to terminate or limit the deposition because shortly after the recessing of the deposition and counsels' inability to reach the Court by telephone, Plaintiffs' counsel determined he had a conflict of interest and could not file a joint motion on behalf of Plaintiffs. Plaintiffs' counsel's arguments about the propriety of suspending the deposition were made in response to Defendant's motion for sanctions.

2

U.S. Magistrate Judge James P. O'Hara succinctly set forth the appropriate standards for a dispute such as this:[2]

> Rule 30(c) governs pretrial testimony taken by deposition. It requires that "[t]he examination and cross-examination of a deponent proceed as they would at trial," with very limited exceptions. Although a judge generally is not present at depositions, the rule clearly contemplates depositions will be conducted in a professional manner, with counsel and parties behaving as they would in open court. Subsection (2) sets forth the manner in which objections must be presented and preserved. "An objection must be stated concisely in a nonargumentative manner." So-called "speaking objections" are not allowed. The deponent must proceed in his testimony, despite any objection, except in three narrow circumstances: "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."
>
> The District of Kansas Deposition Guidelines ("Deposition Guidelines") augment this rule "and provide ground rules for an integral piece of the modern federal court lawsuit." In line with Rule 30(c)(2), they forbid long-winded objections that "suggest answers to or otherwise coach the deponent." In fact, they limit objections to "those involving privilege ... or some matter that maybe remedied if presented at the time, such as an objection to the form of the question or the responsiveness of the answer." [ ] "These Guidelines aren't aspirational," but mandatory.
>
> Where discovery rules are violated, Rule 37(b)(2) provides a vehicle for imposing sanctions. The sanctions permitted run the gamut, from dismissal to the reimbursement of expenses and fees. Rule 30(d)(2) also permits a court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party— on a person who impedes, delays, or frustrates the fair examination of the deponent." The court has discretion in determining the appropriate sanction.[3]

*Argument and Speaking Objections*

The deposition progressed without incident until it neared the end. After defense counsel argued with the witness, he then asked the witness a question similar to a question the witness had answered earlier. At that point, Plaintiff's

---

[2] *Marksberry v FCA US LLC*, No. 19-2724-EFM, 2021 WL 2142655, at *2 (D. Kan. May 26, 2021).
[3] *Id.* (citations omitted).

counsel interrupted and objected that the question had been previously asked and answered. The witness did not testify further. The attorneys attempted to contact the Court, and after failing to do so, Plaintiffs' counsel adjourned the deposition to seek Court intervention. In the deposition, the following exchanges occurred as Defendant's counsel examined one of the Plaintiffs:

> **Q.** Have you tallied all the money of the payments you received from Mr. Boswell to date?
> **A.** Meaning from the beginning?
> **Q.** Yes.
> **A.** No, sir.
> **Q.** Do you have bank statements dated prior to 2016, copies?
> **A.** Yeah, I think I do. Well, I've got an extended program or whatever that shows him sending money back and forth, cash by cash and so forth.
> **Q.** But you don't know how much he has sent you total?
> **A.** Back then, no.
> **Q.** From day one through the end?
> **A.** No, sir.
> **Q.** Is it possible that that money is more than you have sent to him?
> **A.** The agreement –
> **Q.** I understand the agreement. That's not my question. My question was -- I understand that per your agreement he has breached your agreement, but from day one, is it possible that you have received more money from Mr. Boswell than he received from you?
> **A.** Yes.[4]

---

> **Q.** Did he tell you why he failed to perform or why he could not perform?
> **A.** Well, we had a conversation. He was wanting to cut the percentage down to less than 4 percent, like 2 or 3 percent. I said, no, Mark, I don't want to do that. If you don't want to do that, just send me my money back, it will be okay. Well, he didn't want to do that, so he kept on paying me the 4 percent for a few more months until rolled around and then finally it rolled around and he didn't send me a check. I can't remember if it was March or April, whatever, just a few months after over the two years. I called him back and he tried to tell me, well, the

---

[4] Doc. 49, Transcript at 96:8–97:8.

money's in California, I ain't got it, give me time, started coming up with excuses. So after a while, I decided he wasn't going to send me no money. My nephew had given him $60,000. He had never paid him a penny of that. He stole that $60,000.

**Q.** That's false. He did pay a penny. He did not pay him all his money back I don't think.

**A.** No, he paid some money before he quit the other deal, but David sent him -- went on and sent him -- after he was even with him on what he had supplied for, they sent him $60,000 again and on that $60,000, Mark never paid him a penny back of it. He stole that money,$60,000. David is sitting right there. He can –

**Q.** I have documentation proving that he did make payments on it, so I don't know what you're making up but it's not true. It doesn't bother me. I mean the more misstatements you make, the better for me, but it's false. He did not pay all of it back, though. That is true. But to act like –

[PLAINTIFFS' COUNSEL]: I'm going to object we're getting into –

[DEFENDANT'S COUNSEL]: You can go off the record, that's fine.

[PLAINTIFFS' COUNSEL]: No, I want to stay on the record for my objection that this is getting to be argumentative. Let's just focus on questions and answers. Thank you.

**BY [DEFENDANT'S COUNSEL]**:

**Q.** So you brought up David Williams, your nephew, and how he paid $60,000 to Mr. Boswell. How did Mr. Boswell get in contact with David Williams?

**A.** David talked to him direct.

**Q.** That's contrary to the testimony given by David yesterday.

[DEFENDANT'S COUNSEL]: Don't interject.

[PLAINTIFFS' COUNSEL]: I'm going to. You don't get to restate other peoples' testimony. If you want to make these arguments later, you can do that.

[DEFENDANT'S COUNSEL]: I'm not misstating testimony.

[PLAINTIFFS' COUNSEL]: Just ask the question.[5]

---

**Q.** You made more from Mr. Boswell than you gave

---

[5] *Id.* at 99:18–100:5.

A.     him. Now David that's not the case it sounds like, but for you at least that's true; right? Is that correct?

A.     For me $175,000, I promise you I can buy a flip house and I can make - -

Q.     I agree that's true, but the fact of the matter is is that he paid you more than you paid him.

    **[PLAINTIFFS' COUNSEL]**: This has been asked and answered. He said he may have. He hasn't run the records.

    **[DEFENDANT'S COUNSEL]**: Don't testify.

    **[PLAINTIFFS' COUNSEL]**: That's what he said.

    **[DEFENDANT'S COUNSEL]**: No, it's not. The answer was yes or probably yes or something along those lines. Would you read it back for me?

    **COURT REPORTER**: I can't find it. It will take too long.

    **[DEFENDANT'S COUNSEL]**: No more talking –

    **COURT REPORTER**: You can't talk at the same time either.

    **[PLAINTIFFS' COUNSEL]**: Or you either or we'll take it down to the courthouse.

    **[DEFENDANT'S COUNSEL]**: It's my deposition.

    **[PLAINTIFFS' COUNSEL]**: We can finish this at the courthouse.

    **[DEFENDANT'S COUNSEL]**: What does that even mean?

    **[PLAINTIFFS' COUNSEL]**: It means that if lawyers don't know how to abide by the rules in depositions, then we finish the deposition at the courthouse where the judge can rule on objections.

    **[DEFENDANT'S COUNSEL]**: I'm fine with doing that. If you think that you actually have a valid objection, I don't even know what your objection was. You're testifying to what his testimony was which you're not permitted to do. Now you can be quiet and level foundation objections and know your role or we can go down to the courthouse or I can get Judge Herren down here because you're interjecting and obstructing my reasonable questions, a question that's to the very foundation of this case which is your damages for fraud. The fraud damages, that is what you're trying to change his testimony on and Judge Herren should know that you're trying to impact his testimony on the most important fact in this case.

    **[PLAINTIFFS' COUNSEL]**: Then call him.

    **[DEFENDANT'S COUNSEL]**: Okay.

    (Off the record.)

> **[PLAINTIFFS' COUNSEL]**: I'm adjourning the deposition and we will resume it at the courthouse. I'm not going to put up with this. I'm not going to let you put my clients through this.
> **[DEFENDANT'S COUNSEL]**: Put your clients through what? You trying to testify –
> **[PLAINTIFFS' COUNSEL]**: What you're doing right now.
> **[DEFENDANT'S COUNSEL]**: Okay.[6]

Defendant argues that the adjournment was improper and that sanctions against Plaintiffs' counsel are appropriate. Plaintiffs' counsel counters that the objection was proper and that Defense counsel agreed to continue the deposition at the courthouse ("I'm fine with doing that."[7])

A witness does not have the right to refuse to answer a deposition question simply because it has been previously asked and answered.[8] Such an objection is often a relevance objection (the question is not relevant because it duplicates what has already been covered), and relevance objections are generally reserved during the taking of a deposition.[9] However, an "asked and answered" objection may still be appropriate, for example, "as a prerequisite…to bringing a motion to terminate or limit the deposition under Rule 30(d)(3)" if the questioning becomes harassing.[10]

A deposition objection must meet the requirements of Rule 30(c)(2) and D. Kan. Deposition Guidelines 5(a) in terms of being concise, non-argumentative, and non-suggestive. Plaintiffs' counsel's speaking objection ("This has been asked and

---

[6] *Id.* at 101:10–104:3.
[7] *Id.* at 102:19–20.
[8] D. Kan. Deposition Guidelines, 5(b), available at https://www.ksd.uscourts.gov/deposition-guidelines; *See AKS Co. v. Universal Underwriters Ins.*, No. 13-2003-JAR-KGG, 2016 WL 141629 (D. Kan. Jan. 12, 2016).
[9] D. Kan. Deposition Guidelines, 5(a); FED. R. CIV. P. 32 (d)(3)(A).
[10] *Cerda v. Cillessen & Sons, Inc.*, No. 19-1111-JWB, 2020 WL 4500721, at *5 (D. Kan. Aug. 5, 2020).

7

answered. He said he may have. He hasn't run the records…That's what he said."[11]) was clearly a speaking objection and suggestive to the witness.

In addition, the question had not previously been concisely asked and answered. On page 97, Defense counsel asked the witness if it was "possible" he had received more money from Defendant than Defendant received from the witness. After more questions and answers, Defense counsel more directly honed in and bluntly asked, "[y]ou made more money than you gave him…the fact of the matter is is (sic) that he paid you more than you paid him." Plaintiffs' counsel seemingly concedes that the questions were not the exact same but argues that the context of the earlier questions and answers made it clear that the witness did not know and lacked sufficient knowledge to know the answer. That, in essence, is an objection to foundation. Foundation objections, sometimes described as a type of relevance objection, are also generally reserved.[12] Such an objection can be made when a party seeks to use the deposition at a later time, and opposing counsel may also explore or highlight foundational problems during the deposition once it is their turn for examination. If counsel believes there is a valid reason for lodging a foundation objection during a deposition, it can and should be done very succinctly (as in, "objection - foundation") and not with a speaking objection that is suggestive to the witness. In short, the Plaintiffs' objection made to the question at issue is overruled.

---

[11] Transcript at 101:18-20.
[12] *See, e.g., AKS Co.*, 2016 WL 141629, at *4; *Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 WL 28071, at *4 (D. Kan. Jan. 5, 2012).

8

At the hearing, both attorneys focused significant attention on the relevance of the questions about whether the Plaintiff witness received more money from the Debtor than the witness paid to the Debtor. Although these questions' relevance might become important later, if the deposition is used pursuant to Rule 7032 or 7056, for the reasons stated above, it is not a proper issue for decision at this time.

*Sanctions*

The dispute that led to the recessing of the deposition was neither lengthy, nor conducted in bad faith. The parties agree the deposition is not finished. However, Plaintiffs' objection was improper, and the subsequent suspension of the deposition was therefore not necessary (at that time, based on the pending objection). It is appropriate for the Plaintiff, whose deposition was being taken, to bear the cost of the additional appearance fee, if any, charged by the court reporter to appear a second time. If there was a surcharge from the court reporter for expediting the transcript so it could be used in the briefing on Defendant's motion, that cost also shall be borne by the Plaintiff whose deposition was being taken. Defendant's motion for attorney fees is denied, but the resumption of the deposition will occur at the offices of Defendant's counsel to minimize his time associated with finishing the deposition. If Defense counsel does not want to convene at his office, the parties can conduct the deposition at a mutually agreeable location.

IT IS SO ORDERED.

###